J-S52038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                Appellee      :
                                   :
                  v.           :
                                   :
JAMES EDWARD WADE, JR.      :
                                   :
             Appellant     :        No. 2055 MDA 2016

Appeal from the Judgment of Sentence November 10, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000245-2016

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:         **FILED SEPTEMBER 22, 2017**

Appellant, James Edward Wade, Jr., appeals from the judgment of sentence entered in the Bradford County Court of Common Pleas, following his open guilty plea to one count of involuntary deviate sexual intercourse with a child ("IDSI").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Between January 1, 2008, and December 31, 2009, Appellant sexually abused Victim, a minor.  On May 2, 2016, the Commonwealth charged Appellant with one count of corruption of minors and four counts each of statutory sexual assault and IDSI.  Appellant entered an open guilty plea on September 13, 2016, to one count of IDSI.  With the benefit of a pre-

---

[1] 18 Pa.C.S.A. § 3123(b).

sentence investigation ("PSI") report, the court sentenced Appellant on November 10, 2016, to a term of 120 to 360 months' incarceration, with credit for time served. On November 17, 2016, Appellant filed a post-sentence motion, which the court denied on November 28, 2016. Appellant filed on December 16, 2016, a timely notice of appeal and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant raises one issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION IN SENTENCING APPELLANT ON THE BASIS OF…VICTIM BEING VICTIMIZED OVER THE COURSE OF A YEAR WHEN APPELLANT ADMITTED TO, AND WAS CONVICTED OF, ONE OCCURRENCE OF THE CRIMINAL ACT?

(Appellant's Brief at 6).

Appellant argues the sentencing court imposed Appellant's sentence based in part on his yearlong abuse of Victim. Appellant contends he did not admit engaging in sustained criminal conduct over the course of a year. Appellant submits he pled guilty to only one act of IDSI. Appellant concludes the court abused its discretion by imposing a manifestly excessive and unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). *See also Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014) (stating argument that court disregarded factors,

such as rehabilitation and nature and circumstances of offenses, implicates discretionary aspects of sentencing).[2]

As a preliminary matter, "issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011).

Similarly, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

---

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). In imposing a sentence, the sentencing court has discretion to consider uncharged and unproven criminal activity. **Commonwealth v. Frank**, 577 A.2d 609, 622 (Pa.Super. 1990), *appeal denied*, 526 Pa. 629, 584 A.2d 312 (1990).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003). Regardless of the reason for entering a guilty plea, a defendant who decides to plead guilty is bound by the statements he makes while under oath. **Id.**

Instantly, Appellant did not object at sentencing, in his post-sentence motion, and in his Rule 1925(b) statement on the ground that his sentence is excessive and harsh because the court based the sentence on, *inter alia*, a yearlong period of criminal conduct. Instead, in his post-sentence motion, Appellant claimed the court failed to consider Appellant's lack of history of sex offender treatment, his rehabilitative and treatment needs, his limited

prior criminal history, and his amenability to sex offender treatment. (***See*** Post-Sentence Motion to Reconsider Sentence, filed 11/7/16, at 1-2; R.R. attached to Commonwealth's Brief at G-1 and G-2.) In Appellant's Rule 1925(b) statement, he again emphasized the court's failure to consider Appellant's lack of history of sex offender treatment, his rehabilitative and treatment needs, his limited prior criminal history, and his amenability to sex offender treatment. (***See*** Concise Statement, filed 12/16/16, at 1-2; R.R. attached to Commonwealth's Brief at I-1 and I-2.) Thus, Appellant waived his sentencing challenge for purposes of our review. ***See Castillo, supra***; ***Mann, supra***.

Moreover, even if Appellant had properly preserved his sentencing issue, the record belies his contention. At the guilty plea hearing, the following exchange occurred:

> THE COURT:        So before I can accept your plea, I have to be sure there are facts to support your plea. So can you tell me in your own words what it was that occurred on or about January first of two thousand and eight, between January first, two thousand and eight and December thirty-first of two thousand and nine?
>
> *        *        *
>
> [DEFENSE COUNSEL]:    [Appellant], on or about the dates the [j]udge just listed there, - did you engage in an act, deviate sexual intercourse with [Victim], and by that I mean, at any point did you put your penis in [Victim's] mouth?
>
> [APPELLANT]:        Yes.
>
> *        *        *

> [DEFENSE COUNSEL]:    And at the time [Victim] was under the age of thirteen?
>
> [APPELLANT]:        Yes.

(N.T. Guilty Plea Hearing, 9/13/16 at 5).  At sentencing, the court set forth its rationale for imposing Appellant's sentence in part as follows:

> [THE COURT]:          …    Court's reasons for sentencing, I'll incorporate the pre-sentence investigation [report] into the court's reasons for sentencing.  The victim in this case was victimized over a year's period of time so the sentence of total confinement is appropriate based on the length of victimization and the facts of the crime.

(N.T. Sentencing Hearing, 11/10/16, at 6).  At sentencing, the court did not indicate Appellant had pled guilty to more than one offense.  Rather, the court noted Appellant's victimization extended over a prolonged period, although Appellant's plea bargain involved only one offense; and Appellant received a sentence in the standard range of the sentencing guidelines.  Therefore, even if Appellant had properly preserved his sentencing claim, he would not be entitled to relief.  **See Pollard, supra**; **Frank, supra**.  Accordingly, we affirm.  **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/22/2017</u>